**DELTA LOAN AND FINANCE CO.,**
**Plaintiff-Appellant,**

v.

**OSAGE OUTDOOR ADVERTISING CO.**
**and Glenn L. Whitman and Janet E.**
**Whitman, Defendants-Respondents.**

**No. 10075.**

Missouri Court of Appeals,
Springfield District.

May 11, 1977.

Motions for Rehearing or Transfer
Denied June 3, 1977.

Harold P. Heitmann, Millsap, Weil, Eyerman & Schenberg, Clayton, for plaintiff-appellant.

No appearance for defendants-respondents.

PER CURIAM.

This is an action upon a contract of guaranty executed by defendants Glenn and Janet Whitman. Over a period of several years, plaintiff Delta Loan and Finance provided inventory or receivables financing for defendants Whitman; this action was brought to recover a balance of $11,513.45 allegedly due on 13 separate transactions entered into between December 15, 1967, and January 12, 1970. Upon trial to the court plaintiff had judgment against defendants Glenn and Janet Whitman in the amount of $2,448.20. Both plaintiff and defendants appealed. Upon defendants' motion, their appeal was dismissed pursuant to Rule 84.09, V.A.M.R.

Examination of the record discloses that the plaintiff declared upon 13 separate, distinct financing transactions arising out of advertising contracts executed by defendants and their corporate and individual advertisers. Four of these contracts were made by Cheese, Inc.; the others were executed by or on behalf of various motels, restaurants and boat docks in the Lake Ozarks area. All 13 contracts were introduced in evidence.[1]

Evidence was heard by the trial court on April 22, 1975. The principal matters in controversy were a) the proper method of computing the "payoff" [used here as meaning the amount required to pay a note or other obligation before maturity] and b) whether or not the parties had reached a compromise and settlement of their disputed obligations and liabilities before the suit was filed. On June 5, 1975, the trial judge addressed a letter to the Circuit Clerk of Camden County directing him to enter judgment in this cause as outlined in the letter, and advising the clerk that the attorneys of record were being notified. The judgment included specific findings concerning 12 of the 13 separate accounts sued upon. The record recites that judgment was entered as directed on June 5, 1975. Comparison of the particular accounts or transactions submitted with those determined shows that the parties' rights as to one of two contracts executed by Larry and Shirley Gerken, doing business as Western Hills Motel, have not been determined.

Apparently this omission became evident to counsel *after* the transcript was filed here. In our files we find a copy of a letter

---

1. As plaintiff's exhibits 3 through 15, inclusive.

addressed to counsel for defendants by plaintiff's counsel. In the course of this letter counsel for plaintiff notes the discrepancy we have outlined and states, "The totals involved in the transcript are correct, but one of the accounts has been deleted." It appears that counsel for plaintiff enclosed a stipulation to correct the transcript, and intended that defendants' attorney either file the stipulation here or return it to plaintiff's counsel for filing, but no stipulation has ever been filed in this court.

Except as specifically provided by statute or rule of practice, no appeal will lie from a judgment which does not dispose of all the issues raised by the pleadings, and this court is bound to inquire sua sponte whether the judgment entered is final and appealable. *Wile v. Donovan,* 514 S.W.2d 177, 178[2] (Mo.App.1974). There is no doubt of our jurisdiction over the subject matter of the action, and the parties could have stipulated as a matter of fact that the parties' rights as to all transactions had been adjudicated, thus authorizing the court to consider and determine the appeal, *Berry v. Chitwood,* 362 S.W.2d 515, 517–518[5–8], 3 A.L.R.3d 1185, 1188–1189 (Mo. 1962), but certainly counsel for defendants was not obliged to make any such admission or stipulation, and in the absence of a waiver, stipulation or admission, we are bound by the record recitals. *City of Joplin v. Village of Shoal Creek Drive,* 434 S.W.2d 25, 28–29[4] (Mo.App.1968); *In re Jackson's Will,* 294 S.W.2d 953[1] (Mo.App.1956). A ruling on part of a claim or on issues not disposing of the whole claim is not a final judgment, *State ex rel. State Highway Commission v. Smith,* 303 S.W.2d 120, 123[4] (Mo.1957), and this appeal must be dismissed as being premature. If the omission noted is a mere oversight of the trial court, that court may yet correct its error or oversight, *State ex rel. Schweitzer v. Greene,* 438 S.W.2d 229, 232[5] (Mo. banc 1969), but in any case the record should be corrected in the trial court upon appropriate petition or application, and not here. *Hendershot v. Minich,* 297 S.W.2d 403, 410[14] (Mo.1956). When a final judgment is rendered, a time-ly appeal may be taken, if the appellant desires.

The appeal is dismissed.

All concur.