Thelma L. POMEROY et al.,
Plaintiffs-Respondents,

v.

Ella KYMPTON et al.,
Defendants-Appellants.

No. 10988.

Missouri Court of Appeals,
Springfield District,
En Banc.

Oct. 3, 1978.

Kenneth W. Shrum, Marble Hill, for plaintiffs-respondents.

John Z. Williams, Rolla, for defendants-appellants.

PER CURIAM:

Appeal from a suit to quiet title to realty situate in Phelps County, Missouri. The case was tried to the court and on February 24, 1978, the court wrote in its docket book what was labeled a "Docket Entry of Judgment", but, in fact, no judgment was then entered. Thereafter, on March 1, 1978, plaintiffs filed a "Motion to Correct Findings of Fact, Conclusions of Law and Docket Entry Judgment." On March 27, 1978, defendants filed a notice of appeal wherein they recited that they were appealing ". . . from the judgment entered in this action on the 24th day of February, 1978." On August 2, 1978, the circuit court entered final judgment in the cause.

In Missouri, the right to appeal is created by statute, V.A.M.S. § 512.020, and governed by rules of civil procedure. V.A.M.R. 81.04 requires that the notice of appeal be filed after the judgment or order appealed from becomes final. The instant

case presents the situation wherein an appeal was initiated prior to entry of a final, appealable judgment and, therefore, prior to the time when such a judgment would be deemed to be final for purposes of appeal. No notice of appeal has been filed from the August 2, 1978, judgment.

One might argue that the provisions of V.A.M.R. 81.05(b) would allow this court to consider the instant notice as a premature notice of appeal which would survive until the judgment became final for purposes of appeal. However, the applicability of V.A.M.R. 81.05 is limited to that period of time between entry of judgment and the point where the judgment becomes temporally final for purposes of appeal. V.A.M.R. 81.05 offers no salvation for those notices of appeal which are filed prior to rendition and entry of judgment.

This court must inquire into the timeliness of the notice of appeal in every case because absence of timely notice deprives this court of appellate jurisdiction. *Budget-Easy, Inc. v. Burd*, 539 S.W.2d 740, 741[2] (Mo.App.1976). The appeal must be, and hereby is, dismissed without prejudice to apply for leave to file a notice of appeal out of time. V.A.M.R. 81.07(a).

All concur.