STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Appellant,

v.

Sherman A. TATE et al., Exceptions of J. C. Young et al., Respondents.

No. 61096.

Supreme Court of Missouri, En Banc.

Feb. 13, 1979.

**530**

Thomas E. Cheatham, Asst. Counsel, Missouri State Highway Commission, Jefferson City, for appellant.

Harold J. Fisher, Woolsey, Fisher, Clark, Whiteaker & Stenger, Springfield, Albert F. Turner, Mountain Grove, for respondents.

RENDLEN, Judge.

This condemnation case was transferred to this Court after opinion, pursuant to Rule 83.03, in order to reexamine the con-struction of Rule 81.05(b)[1] relating to premature filing of a notice of appeal. Only the facts relevant to that issue will be stated.

J. C. Young and other defendants excepted to the commissioners' awards and trial was to the court. On June 21, 1976, the case was submitted and taken under advisement. Four days later, June 25, the court made a docket entry finding the issues against the State Highway Commission and assessing defendants' damages. The judge's docket entry states:

> Plaintiff's exceptions to that part of report of commissioners awarding damages to defendants, J. C. Young, Edna Young, Mountain Grove National Bank and Arthur E. Wood, Trustee, denied. Exceptions of said defendants to such part of said report sustained. *Judgment* in favor of said defendants and against plaintiff in sum of $20,350.00. Costs taxed against plaintiff. Ordered that *form of judgment* be prepared by counsel for said defendants. JS. (Emphasis ours.)

No further entries by judge or clerk were made at that time.

On July 6, 1976, the Commission filed a notice of appeal from the "judgment entered on June 25, 1976." Thereafter, on November 3, 1976, a formal judgment was entered by the court. No subsequent notice of appeal was filed.

The Springfield District (now Southern District) of the Court of Appeals ruled it did not have jurisdiction of the matter because the Commission had not filed a timely notice of appeal. The court, relying exclusively on its earlier holding in *Pomeroy v. Kympton*, 572 S.W.2d 505 (Mo.App. 1978), decided that Rule 81.05(b) did not preserve the appeal. Rule 81.05(b) provides,

> In any case in which a notice of appeal has been filed prematurely, such notice shall be considered as filed immediately since the date the notice of appeal was originally filed in this case.

---

1. All references are to 1978 Missouri Rules of Court (West) unless otherwise indicated. There has been no change in Rule 81.05(b)

after the time judgment becomes final for purposes of appeal.

In *Pomeroy* it was held that the rule applies only to notices filed "between entry of judgment and the point where the judgment becomes temporally final for purposes of appeal." [2]

Neither the language nor purpose of Rule 81.05(b) admit of such limited interpretation. The rule by its terms specifies only one point in time as critical: the point at which a premature notice of appeal shall be *considered as filed*, namely, the moment "the judgment becomes final for the purpose of appeal." The appellate court interpreted the rule by engrafting an additional reference point not mentioned in the rule. It would require that any premature notice of appeal to qualify under the rule must be filed *after the moment a judgment entry appears*. As held by the Court of Appeals in *Pomeroy*, any such notice filed earlier than that moment (as in the case at bar) cannot meet the rule's requirements, for "the applicability of V.A.M.R. 81.05 is limited to that period of time between entry of judgment and the point where the judgment becomes temporally final for purposes of appeal." 572 S.W.2d at 506. We believe this contrary to the language of Rule 81.-05(b) which unambiguously provides that the rule applies "in any case" in which the notice of appeal precedes the time an appealable judgment appears. Further, such interpretation frustrates the purpose of the Rule. Our jurisdictional requirement in Rule 81.04 that a notice of appeal be filed within ten days after the judgment or order appealed from becomes final makes strict demands on attorneys and litigants. Examination of but a few cogent cases demonstrates that it has not always been clear when the final judgment in a particular case appears. *See Bolin v. Farmers Alliance Mut. Ins. Co.*, 549 S.W.2d 886 (Mo. banc 1977); *State v. Wilke*, 560 S.W.2d 601 (Mo.App.1978); *Delta Loan & Fin. Co. v. Osage Outdoor Advertising Co.*, 552 S.W.2d 56 (Mo.App.1977). Rule 81.05(b) seeks to preserve appeals for litigants whose counsel in an abundance of caution or by mistake file premature notices of appeal in such situations. The Court of Appeals would penalize counsels' attempts to comply with Rule 81.04 by creating an artificially restricted time period in which Rule 81.05(b) can apply.

■ In this case the trial court had disposed of all issues and as stated in the docket entry had determined a specific monetary liability of the appellant. The judge's docket entry reasonably gave the appearance of a judgment under Rule 74.01, and there is no suggestion that counsel attempted to evade the orderly processes of the court in filing the notice of appeal. The judge's docket entry stated, "Judgment in

**2.** Pursuant to § 483.082, RSMo Supp.1975, this Court's Administrative Rule 4, 542 S.W.2d XXII, was promulgated December 1, 1976, effective March 1, 1977. (The relevant sections remain unchanged by the amendments of December 29, 1978, effective January 2, 1979.) Section 4.12 states in relevant part, "The court shall approve the judgments in all civil and domestic relations cases . . . . The judgment shall be part of the respective case files." Sections 4.02, 4.09 and 4.10 mandate the keeping of a judge's docket sheet and a clerk's docket sheet on which each action in the case, including judgments, must be recorded. Section 4.13 orders an alphabetical card file index of all civil judgments in which a judgment card filed by the defendant's name shall be placed for each judgment.

The Court of Appeals did not make clear in its opinion at what point in the above described process the "entry of judgment" occurred which in its view would trigger the saving provision of Rule 81.05(b). One might ask, if the appellate court's opinion were adopted, is it when the judge approves the judgment drafted by the attorneys, or when the judgment goes into the case file, or when the entry is made on the judge's or clerk's docket sheets, or, finally, when the judgment card is placed in the card file index for civil judgments? Although the case at bar was governed by the previous requirements for entry of judgments in circuit courts as found in Supreme Court Rules 74.57–74.62, the Court of Appeals in its 1978 opinion did not state the moment or point in the judgment entry process it perceived as critical under the old or new system. However, in view of our disposition of the case, a detailed analysis of the judgment entry system is not required nor must there be the selection of a finite point in that system (under either the old or new rule) to satisfy the general provision of 81.05(b).

favor of defendants and against plaintiffs in the sum of $20,350.00. Costs taxed against plaintiffs." For these reasons we hold that Rule 81.05(b) preserved the appeal in the case at bar. To the extent that *Pomeroy v. Kympton*, 572 S.W.2d 505 (Mo. App.1978), and other cases hold to the contrary, they must not be followed. The Court of Appeals had jurisdiction to entertain the cause; accordingly, the case is retransferred to the Court of Appeals, Southern District, for consideration of the merits of the appeal.

All concur.