Judith Louise ROSE,
Petitioner-Appellant,

v.

Chester Joseph ROSE, Respondent.

No. 44730.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 9, 1982.

Mark Belz, Clayton, for petitioner-appellant.

Lester W. Duggan, Jr., St. Peters, for respondent.

CRANDALL, Presiding Judge.

Petitioner-wife appeals in a dissolution of marriage case. The threshold question presented is whether petitioner's notice of appeal vests this court with jurisdiction. We hold that it does not.

The trial court entered its decree of dissolution on May 28, 1981. On June 8, 1981, petitioner filed her motion for new trial in which she contended the trial court erred in refusing to receive rebuttal evidence offered by her and in failing to grant a continuance when on the day of trial respondent filed a financial statement different from the one previously filed. Petitioner also claimed the decree was contrary to law and not supported by the evidence. Respondent filed a motion in which he sought to open and amend the judgment on the basis of additional evidence. On July 31, 1981, the trial court granted both petitioner's and respondent's motions for the limited purpose of receiving petitioner's rebuttal evidence and evidence relevant to the issues raised by the respondent in his motion. The hearing was set for August 10, 1981. On August 7, 1981, petitioner filed her notice of appeal from the decree entered May

28, 1981.[1] At the August 10 hearing petitioner declined to present her rebuttal evidence on the ground that her notice of appeal had divested the trial court of jurisdiction to conduct the hearing. The trial court proceeded with the presentation of respondent's evidence and entered an amended decree of dissolution on August 14, 1981.

 Petitioner cites several cases in support of the contention that the filing of her notice of appeal on August 7, 1981, deprived the trial court of the power to conduct the hearing of August 10, 1981, or to take any other judicial action. In these cases appeals were taken from orders granting new trials. *See, e.g. State v. Armstrong,* 605 S.W.2d 526, 529 (Mo.App. 1980); *Brock v. Steward,* 519 S.W.2d 365, 367 (Mo.App.1975). Such is not the case here. The trial court's order in the instant case merely reopened the case for the purpose of taking additional evidence. The hearing at which the evidence was heard was not a new trial but a limited proceeding for amplification of the record as expressly provided for by Rule 78.01. *See In re Marriage of Crossland,* 620 S.W.2d 40, 42 (Mo.App.1981). The right of appeal in Missouri is purely statutory. *In re Marriage of Richardson,* 540 S.W.2d 227, 228 (Mo.App. 1976). Section 512.020, RSMo (1978), provides, *inter alia,* that a party aggrieved by an order granting a *new trial* may appeal. (Emphasis added.) Neither this section nor any other grants the right to appeal from an order reopening a judgment for additional evidence and, therefore, no appeal lies from that order.

 The only appealable order entered in this case was the entry of the decree of August 14, 1981. Petitioner has filed no notice of appeal from that judgment. Her only notice of appeal was from the judgment entered on May 28, 1981. However, that judgment was vacated upon the trial court's entry of the August 14 judgment. *Krummel v. Hintz,* 222 S.W.2d 574, 578 (Mo. App.1949). Once vacated nothing remained from which to appeal.

 Although not argued by petitioner we note that the notice of appeal from the May 28 decree cannot be considered a premature appeal from the August 14 decree as provided for by Rule 81.05(b). This is true even assuming the issues raised in the appeal were equally applicable to both decrees. When the trial court granted the parties' motions, the judgment entered on May 28, 1981, was suspended and therefore all issues became once again unresolved and subject to a different disposition. *Compare State ex rel. State Highway Commission v. Tate,* 576 S.W.2d 529, 531 (Mo. banc 1979). Once the judgment was suspended neither party had the right to take any further action, including the filing of a notice of appeal, based on that judgment until the motions granted were finally disposed of. *Krummel v. Hintz,* 222 S.W.2d at 578. To hold otherwise would defeat the purpose of Rule 78.01 which is to give the trial court a second chance to correct any errors made during trial. *Swift v. Bagby,* 559 S.W.2d 635, 638 (Mo.App.1977).

Finding no basis for this court's jurisdiction in this appeal, it is dismissed.

REINHARD and CRIST, JJ., concur.

---

1. In her notice of appeal petitioner states she is appealing from the May 28 divorce decree but in her brief on appeal she addresses the propriety of the trial court's order reopening the case as well as the merits of the May 28 decree.