**L.J.B., Appellant,**

**v.**

**L.W.B., Respondent.**

**No. 78024.**

Supreme Court of Missouri,
En Banc.

Oct. 24, 1995.

George A. Kiser, C. John Pleban, St. Louis, for Appellant.

Lawrence G. Gillespie, Webster Groves, for Respondent.

HOLSTEIN, Chief Justice.

This Court granted transfer following dismissal of an appeal by order of the Missouri Court of Appeals, Eastern District. The cause is retransferred.

On December 10, 1993, the trial court entered a decree in a dissolution action between L.J.B. and L.W.B. The trial court found

that neither L.J.B. nor L.W.B. should be awarded the primary custody of their minor children. On December 21, 1993, L.W.B. filed a motion for new trial or, in the alternative, a motion to amend the judgment. The guardian ad litem also filed a motion for new trial. On January 5, 1994, the trial court granted the motions for the limited purpose of receiving "evidence of L.W.B.'s actions, including actions since conclusion of the evidentiary hearing, which address her fitness to be legal custodian and primary physical custodian of the parties' minor children." L.J.B. then filed his notice of appeal on January 6, 1994. Attached to that notice of appeal was the judgment of December 10, 1993. A hearing was held thereafter. An amended decree was entered on March 21, 1994. No new notice of appeal was filed.

The court of appeals dismissed L.J.B.'s appeal. Relying on *Rose v. Rose,* 642 S.W.2d 686 (Mo.App.1982), the court of appeals reasoned that L.J.B.'s notice of appeal was from the decree entered on December 10, 1993, that the decree of December 10, 1993, was vacated by the trial court on March 21, 1994, and, thus, no judgment remained to which the notice of appeal applied. Additionally, the court of appeals explained that the notice of appeal could not be considered a premature appeal from the March 21 judgment, as provided by Rule 81.05(b). *See Rose,* 642 S.W.2d at 687.

■ Rule 81.04(a) provides that a notice of appeal must be filed within ten days after the judgment or order appealed from becomes final. A copy of the judgment appealed from must be attached to the notice of appeal. Rule 81.08, Civil Procedure Forms 8–A and 8–B. Rule 81.05(a) provides that a judgment is final thirty days after entry of judgment. Rule 81.05(b) provides: "In any case in which a notice of appeal has been filed prematurely, such notice shall be considered as filed immediately after the time the judgment becomes final for the purposes of appeal." Reading the above provisions together, it is obvious that no notice of appeal would be effective until some order giving the appearance of a judgment under Rule 74.01 is filed by the trial court in a case. The December 10 order qualified as a judgment under Rule 74.01.

Where, as here, the judgment is not vacated or set aside and a new trial granted on all issues but rather is merely reopened for taking additional evidence on one limited issue, it is not accurate to say the judgment has been vacated or that the amendment to that judgment, as provided in Rule 73.01(a)(5), is an entirely new judgment.

A similar issue arose in *State ex rel. State Highway Commission v. Tate,* 576 S.W.2d 529 (Mo. banc 1979). In that case, a docket entry purporting to dispose of the case was made by the trial judge. Eleven days later, the appellant filed a notice of appeal. Four months later, a formal judgment was entered by the court. The Missouri Court of Appeals, Southern District, ruled that it did not have jurisdiction of the appeal because no notice of appeal had been filed after the entry of the formal judgment in November of 1976. This Court reversed that decision, stating:

Neither the language nor purpose of Rule 81.05(b) admit of such limited interpretation. The rule by its terms specifies only one point in time as critical: the point at which a premature notice of appeal shall be *considered as filed,* namely, the moment "the judgment becomes final for the purpose of appeal." The appellate court interpreted the rule by engrafting an additional reference point not mentioned in the rule. It would require that any premature notice of appeal to qualify under the rule must be filed *after the moment a judgment entry appears....* We believe this contrary to the language of Rule 81.05(b) which unambiguously provides that the rule applies "in any case" in which the notice of appeal precedes the time an appealable judgment appears. Further, such interpretation frustrates the purpose of the Rule.... Rule 81.05(b) seeks to preserve appeals for litigants whose counsel in an abundance of caution or by mistake file premature notices of appeal in such situations.

576 S.W.2d at 531 (emphasis in original).

■ It is true that the December 10, 1993 decree that was attached to the prematurely filed notice of appeal is not identical to the March 21, 1994 decree, the "final" judgment.

However, the changes relate only to findings as to L.W.B.'s actions after the original evidentiary hearing and the only modification of the judgment is an award of primary child custody to L.W.B. The question then becomes whether that variance defeats appellate jurisdiction.

 The vital step for perfecting an appeal is the timely filing of a notice of appeal and, once such notice is timely filed, the appeal becomes effective. *Weller v. Hayes Truck Lines,* 355 Mo. 695, 197 S.W.2d 657, 660 (1946). Technical adherence to the formal averments of a notice of appeal is not jurisdictional, and the averments are to be liberally construed to permit appellate review so long as the opposing party is not misled to his or her irreparable harm. *Id.* Here respondent makes no complaint that she did not receive notice of the filing of the notice of appeal or that the premature filing of the notice prevented her from presenting any record or making any arguments before the trial or appellate court. The attachment of the earlier unamended decree is a technical defect in the notice of appeal and in no way misled respondent to her irreparable harm. The defect does not defeat appellate jurisdiction.

Where the trial court has entered a judgment appearing to dispose of all issues in the case, giving the appearance of a judgment under Rule 74.01, followed by a limited reopening of evidence under Rule 78.01, the amendment of the judgment as authorized by Rule 73.01(a)(5) is not the entry of an entirely new judgment. Under Rule 81.05(b), the notice of appeal filed after the original judgment but before the amended judgment is deemed filed immediately after the amended judgment is entered. *See Rule 73.01(a)(5).* If the judgment were vacated in its entirety and a new trial ordered on all issues, the result might be different. But that did not occur here. To the extent *Rose* is inconsistent with this decision, it is overruled.

The cause is retransferred to the Missouri Court of Appeals, Eastern District, for a disposition of the appeal on the merits.

BENTON, PRICE, LIMBAUGH, ROBERTSON and COVINGTON, JJ., and CROW, Special Judge, concur.