ANDREW WELLER v. HAYES TRUCK LINES, a Corporation, Appellant.—
No. 39914.—197 S. W. (2d) 657.

Court en Banc, November 11, 1946.

*Franklin E. Reagan, Sievers & Reagan* and *B. W. La Tourette* for appellant; *David Axelrod* and *Carl L. Steiner* of counsel.

*Paul J. Kaveney* and *F. R. Stout* for respondent.

DOUGLAS, J.—This case first went to the St. Louis Court of Appeals where the appeal was dismissed because it was not taken from an appealable order of judgment. 192 S. W. (2d) 677.

There is a conflicting decision by the Kansas City Court of Appeals in Park v. Park, 190 S. W. (2d) 285, where the same point at issue was involved. That court held that even though a notice of appeal stated the appeal was from the order overruling the motion for new trial, the appeal was nevertheless from a final judgment, and the notice was sufficient.

On its own motion, the St. Louis Court of Appeals transferred the case to this court under Article V, Section 10 of the Constitution 1945.

This is a suit to recover damages because of injuries to a trailer used in hauling freight. It was tried to the court without a jury, and the court rendered a judgment final in form on March 14, 1945 in favor of plaintiff for $2,460.65. Defendant filed a motion for new trial which was overruled on May 14, 1945 and thereafter defendant filed a notice of appeal. Every procedural step was regular up to this point. But the notice is challenged. It is as follows:

"Notice is hereby given that Hayes Truck Lines, a corporation, above named, hereby appeals to the St. Louis Court of Appeals from the order and judgment overruling defendant's motion for new trial entered in this action on the 14th day of May, 1945."

Cases construing the old code dealt rigidly with the affidavit for appeal, now replaced by the notice of appeal. In a number of cases where such affidavit stated the appeal was from an order *overruling* a motion for new trial, it was held the appellate court had no jurisdiction except to enter an order dismissing the appeal.

The question for decision here is whether the notice of appeal can be construed to satisfy the requirements of the new code. In determining this question we must decide whether we are going to follow the harsh and technical rules of those cases, or whether, in the spirit of the new code, we shall follow the principle of liberal construction so that whenever possible a case will be reviewed on its merits.

But first speaking generally there is no longer any reason to follow the strict rules which sprung from the historical jealousy with which courts refused to exercise their jurisdiction, and this is particularly true with respect to an appeal. By the constitution, judicial power in this state is vested in a judicial system composed of the various courts extending from municipal corporation courts to the supreme court. The operation of these courts is not intended to be antagonistic one to the other. In some instances there is concurrent jurisdiction. The various courts complement one another for the purpose of leading to a final disposition on the merits after a controversy has completed its various legal stages, beginning with its trial and ending with its review on appeal. An appeal to a higher court is not a new and different action, it is merely a continuation of the original action. Sec. 125. Consequently, it is the duty of an appellate court freely to exercise its jurisdiction to provide a review on the merits in every instance that it may properly do so.

By the terms of the new code, we find the duty is imposed under Section 2 to construe the new code so as to secure the just, speedy, and inexpensive *determination* of every action. (Our emphasis.) This court has imposed the same duty upon itself and the other appellate courts by providing that court rules of appellate practice and procedure shall be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions, and to facilitate and increase the disposition of cases on their merits. Supreme Court Rule 1.28.

Appellate jurisdiction is created by statute. Accordingly, unless there is a judgment or order in a case from which an appeal is permitted by statute, appellate jurisdiction to review is denied us. On the other hand whenever a decision is entered in the trial court, which the statute has made appealable, there is a potential vesting of juris-

diction in the appellate court to be exercised if the party aggrieved wishes to perfect an appeal.

The new code has made no change in the enumeration of appealable orders and judgments. In all material respects Section 126 of the new code is a reenactment of the old statute, Sec. 1184, R. S. 1939, now repealed. It permits an appeal from any final judgment, and from certain specified orders and judgments, among them an order *granting* a new trial, but not from an order *overruling* a motion for new trial.

Taking an appeal under the new code has been simplified. It is necessary for a party or his agent only to file a notice of appeal ▮▮▮ with the clerk of the trial court. Laws 1943, p. 353, Sec. 129; Mo. R. S. A., sec. 847.129.

In the notice of appeal Section 131 requires three averments. The notice shall (1) specify the parties taking the appeal; (2) designate the judgment or order appealed from; and (3) name the court to which the appeal is taken.

The vital step for perfecting an appeal is the timely filing of a notice of appeal under Section 129. Thereupon the appeal becomes "effective." The filing of a notice is the only requirement necessary to invoke appellate jurisdiction. By the same section it is provided that "after a timely filing of such notice of appeal, failure of the appellant to take any of the steps to secure the review of the judgment or order appealed from does not affect the validity of the appeal, but is ground for such action as the appellate court deems appropriate, which may include dismissal of the appeal." Here again we have another attempt to liberalize the judicial view of technical errors.

While the timely filing of a notice of appeal under Section 129 is jurisdictional still we are not compelled to rule that technical adherence to the required formal averments of the notice under Section 131 is likewise jurisdictional. To the contrary, we hold that the averments of the notice should be liberally construed to permit appellate review so long as an opposing party is not misled to his irreparable harm. Aside from the intent of the code and rulings found in the decisions of other jurisdictions mentioned below, this conclusion is supported by the Constitution of 1945. One of the required averments in a notice of appeal is the designation of the court to which the appeal is taken. However, if the notice incorrectly designates a certain court of appeals or the supreme court, the constitution directs the cause shall not be dismissed but shall be transferred to the appellate court having jurisdiction. Article V, Section 11 of the Constitution provides: "In all proceedings reviewable on appeal by the supreme court or a court of appeals, appeals shall go direct to the court having jurisdiction thereof, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate court having jurisdiction thereof."

A similar provision has long been found in the statutes. Section 2079, R. S. 1939, Mo. R. S. A. It is significant that such provision is now repeated in the constitution.

Since the constitution has declared, in effect, that one of the required averments of the notice of appeal may not be held jurisdictional so that an error therein would cause a dismissal, then the evident intent of such declaration is persuasive to the decision that other averments are not to be held jurisdictional.

To summarize, we hold that the formal averments of the notice of appeal are not jurisdictional but are to be liberally construed in order to permit appellate review.

In this case we have a final judgment. After it was entered its finality for the purpose of appeal was suspended by the filing of a motion for new trial. So long as the motion for new trial was pending undetermined, the judgment was not final and appealable. Sec. 116, Rule 3.24. The order overruling the motion for new trial made the judgment an appealable one. Therefore it is obvious that appellant, while literally saying that he was appealing from the order overruling the motion for new trial, sought to appeal from the final judgment itself, the only appealable judgment in the case. Appellant was seeking relief from the judgment that aggrieved him. To hold otherwise we would have to say appellant was knowingly attempting to do a futile thing. Appellant in good faith attempted to comply with the provisions governing the notice of appeal by referring to the action which made the judgment final. Appellant's intent is also shown by the appeal bond which designates the final judgment. We hold the notice of appeal was sufficient.

The intent of the new code demands that the rule should be, and we so announce it, that a notice of appeal which can reasonably be construed as an attempt in good faith to appeal from a final judgment or appealable order shall be deemed ▮▮▮ sufficient. See Connoley v. Beyer Crushed Rock Co., 355 Mo. 684, 197 S. W. (2d) 653, handed down contemporaneously herewith.

In a case construing the similar Federal rule (73 b) the notice of appeal specified as the judgment appealed from "the final judgment entered in this action on June 10, 1944." However, the facts showed the judgment was entered on April 27, 1944, but it was the motion for new trial which was overruled on June 10, 1944, the date specified in the notice. The court, holding the notice sufficient, said: "It must be conceded that the notice of appeal was not skillfully drawn, since no final judgment was entered on June 10, 1944, only an order overruling the motion for a new trial. Nevertheless, since the judgment of April 27, 1944, although final from the date of its entry, became final on June 10, 1944, for the purpose of computing the time allowed for taking an appeal, it is clear that the notice of appeal was intended to obtain a review of the judgment of April 27, 1944, which was the

only appealable judgment entered in the cause. Therefore, we hold that the notice was sufficient to perfect an appeal to this court from the judgment of April 27, 1944.'' Wilson et al. v. Southern Ry. Co., 147 F. (2d) 165. And see Crump v. Hill, 104 F. (2d) 36 where the filing of a waiver of service of a notice of appeal was held with other acts to be substantial compliance with the requirements for an appeal and invoked appellate jurisdiction.

In another Federal case it is said: ''It would be 'a harking back to the formalistic rigorism of an earlier and outmoded time, as well as a travesty upon justice' to deprive a litigant of his right to appeal merely because, though it plainly appeared that he was intending to, and thought he was doing what was necessary to, appeal, he took his steps informally instead of formally. Compania De Nav. Trans. v. Georgia Hardwood Lumber Co., 141 F. (2d) 652.

A notice of appeal stating an erroneous date of the order appealed from was held sufficient in Shannon v. Retail Clerks, International Protective Assn., 128 F. (2d) 553; and in Porter v. Borden's Dairy Delivery Co., 156 F. (2d) 798. See also 3 Am. Jur. Appeal and Error, sec. 472.

We turn now to a discussion of the merits. Plaintiff owned a tractor-trailer motor vehicle which he used to haul freight over the highways. Because he operated only one unit he was known in the trade as a broker or wildcatter. His trailer was of ten-ton capacity. The capacity limit was painted on the sides of the trailer. Although his equipment was rated at ten tons he usually hauled twelve. He had hauled a load of freight to Cleveland and was seeking a load back to St. Louis so as to avoid returning empty. He telephoned defendant's Cleveland office and was told it would furnish him a load. He asked for 24,000 pounds and he was told he would be given that weight. He drove his equipment to defendant's freight dock, turned it over to defendant and went to a moving picture show. One of defendant's drivers drove plaintiff's trailer to the place where the freight, consisting of heavy machinery, was to be loaded. When the trailer was loaded it was brought back to the freight dock and turned over to plaintiff. Plaintiff started off for St. Louis. Before leaving he was given a freight bill which is a copy of the bill of lading showing the weight of the load was 20,000 pounds. However, he was paid for 24,000 pounds, the weight originally agreed upon. Defendant received $10.60 per ton out of which it paid plaintiff $8.00 per ton. When plaintiff was about sixty-five miles out of Cleveland a tire blew. Twenty-five miles farther on a second tire blew. After seventy miles more a third tire blew. Farther on a fourth tire blew. Then he parked his equipment and hitchhiked to Indianapolis to buy some tires. When the tire rationing board there refused to allot him tires he went on to St. Louis. He borrowed tires, got some gasoline, loaded these into a hired truck with his wife and returned to his

equipment. Then he resumed his trip to St. Louis with his wife following behind in order to watch over the trailer which was "falling apart." When he reached St. Louis he had his load weighed. Instead of 24,000 pounds he found 31,430 ▉▉▉ pounds had been loaded in his trailer. Because of the overloading the tires had blown out, the frame which supports the body of the trailer had bent and sagged in the middle, an axle had bent, the sides of the trailer had broken out, the roof had torn loose, and the rub rail damaged.

This suit was filed in 1943 asking, along with other relief, for damages in the sum of $2,460.65. Judgment for that amount was entered in favor of plaintiff. The other relief asked for was denied. Defendant appealed.

A number of defendant's points may be disposed of without discussion because we must disregard allegations of willfulness and malice in the petition. They were pleaded to support a prayer for punitive damages but such damages were denied and that issue is no longer in the case. We must also disregard allegations of fraud and deceit because those charges were not proved and were abandoned by plaintiff. We have remaining in the petition a cause of action arising out of a relationship between plaintiff and defendant created by contract and a breach by defendant of a duty resulting from the relationship causing injury to plaintiff.

It might be that liability in this case arises from the law of bailments, but we see no need to attempt to classify with particularity the cause of action before us. There can be no particular profit in determining whether the action should be classified as one in tort for the breach of a duty imposed by law as the result of a contract, or as one in contract for the breach of an implied obligation growing out of the contract. Courts have experienced considerable difficulty in trying to classify whether actions of this general nature are in contract or in tort, and, if in tort, in determining just when the tort began. See the discussions in Helm v. Inter-Insurance Exchange, etc., 354 Mo. 935, 192 S. W. (2d) 417; Oliver Cadillac Co. v. Rosenberg (Mo. App.), 179 S. W. (2d) 476; Springfield Crystallized Egg Co. v. Springfield Ice and Refrigerating Co., 259 Mo. 664, 168 S. W. 722; Ellyson v. Missouri Power & Light Co. (Mo. App.), 59 S. W. (2d) 714; Prosser on Torts, l. c. 204.

The petition, after stating the agreement to transport the freight, alleges, in effect, defendant agreed not to load over a stated amount on the trailer; that it tortiously overloaded the trailer when it knew or by the exercise of ordinary care could have known that such overloading would damage the trailer; and that the trailer was damaged thereby to plaintiff's loss.

It is sufficient, on the points raised, merely to rule that the petition states a cause of action; and further to rule that it does not attempt to join two causes of action for both contract and tort in the same

704

petition as forbidden by Section 917, R. S. 1939, Mo. R. S. A., now repealed, but in effect when the cause was submitted.

██ Defendant also claims plaintiff failed to make a case. Under Section 114 (d) of the new code, Sec. 847.144 (d) Mo. R. S. A. we must review a case tried to the court without a jury upon both the law and the evidence as in suits of an equitable nature.

██ From the facts, we find that as an incident to a contract for the transportation of freight defendant took complete possession and control of plaintiff's trailer and undertook to have it loaded. In this situation the law will imply an obligation upon defendant to use due care in properly loading the trailer.

Defendant's evidence does not dispute that the truck was overloaded. Plaintiff asked for a load of not over 24,000 pounds and defendant told him: ''That is perfectly all right. The load will run right in that vicinity.'' However defendant contends first that it is not liable for the reason it did not load the trailer itself but that the trailer was loaded by another. This is no defense. Defendant took control of plaintiff's trailer for the purpose of having it loaded. Plaintiff was not even present at the loading. Defendant knew the dangerous results caused by overloading. There was testimony on the part of defendant that it had a very strict rule and practice against overloading its own equipment because of resulting tire failure. There was further testimony that defendant asked the loader if it, the defendant, should weigh the load and the answer was ''no.'' Defendant chose to rely on the loader's agreement with it not to overload. In doing it it acted at its own peril. The fact defendant failed to weigh the load was a breach of duty under the circumstances. Moreover, defendant's own testimony shows it took no precaution of any kind to prevent overloading. Furthermore, it may not hide behind the freight bill which was prepared by the loader.

The fact that defendant did not actually know the trailer was overloaded does not excuse it. It was under a duty not to overload and to exercise ordinary care in carrying out that duty. Had it used such care the trailer would not have been overloaded. It may not be excused for its own neglect.

Defendant also contends it is not liable because plaintiff had the same opportunity of viewing the load after it was in the trailer as defendant did. It relies on cases involving fraud which apply a principle that is not applicable here. There is no evidence that the weight of the load could have been readily estimated merely by observation. Furthermore, there was no duty on plaintiff to take steps to ascertain the weight of the load as there was on defendant.

We hold plaintiff made a case.

██ The trial court stated in the judgment that the sum of $1,800 was awarded for damages to the trailer and the sum of $660.65 for loss of use. Defendant complains about the award for loss of use

because special damages for loss of use were not specifically pleaded. It has long been the rule in this state that special damages which are the natural but not necessary result of the injury complained of must be specifically alleged. We observe this rule is continued now in statutory form by the new code which requires items of special damage to be specifically stated. Sec. 52, Mo. R. S. A., sec. 847.52.

It is well settled that ordinarily the measure of damages for injury to personalty is the difference between its reasonable values before and after the injury. Brunk v. Hamilton Brown Shoe Co., 334 Mo. 517, 66 S. W. (2d) 903. It is also well settled in this state that where the personal property injured is a motor vehicle, then damages for loss of use are also one of the elements to be considered in arriving at the extent of the injury. Vetter v. Browne, 231 Mo. App. 1147, 85 S. W. (2d) 197 and cases cited therein. See also Anno. 98 A. L. R. 910. In view of the decisions we do not believe that damages for loss of use of a motor vehicle ordinarily should any longer be considered in the category of special damages so as to require specific allegation. And this is so particularly under the facts of this case where the motor vehicle involved was a commercial vehicle and the sole one upon which plaintiff depended for the entire operation of his hauling business all of which was known to defendant at the time of the injury. Damages for loss of use of plaintiff's trailer certainly follow as the "natural, necessary and logical" consequences of defendant's wrongful act as pleaded in the petition. Moreover, defendant could not have been surprised or misled by the evidence and award of damages for loss of use. The exact amount of "plaintiff's loss" stated in the petition, namely $2,460.65, and proved to the penny, included both the injury to the trailer and loss of use.

This point was considered in Antokol v. Barber, 248 Mass. 393, 143 N. E. 350, 32 A. L. R. 703. Evidence was admitted that plaintiff had paid out a certain sum for hire of an automobile for use in his business while his own automobile was being repaired after being damaged by defendant. The admissibility of the evidence was challenged on the ground there was no specific allegation of special damage as required. Holding the evidence admissible even though special damage had not been pleaded, the court said: "The allegation of great damage to the automobile of plaintiff implies not only expense of repair, but also loss of use while the harm caused by the collision is being amended. It is difficult to conceive of an injury to an automobile such as is here described, which does not import as an inevitable consequence loss of use for some period of time. The loss of use of the automobile during the period of repair is as much the natural and necessary consequence of the tortious act of the defendant described in the declaration as is the cost of the repair."

Accordingly we rule that an allegation of damages for loss of use did not have to be specifically stated in the petition.

In conclusion, since the judgment of the trial court was supported by the evidence it should be affirmed.

And in view of our finding the notice of appeal was sufficient, the opinion of the St. Louis Court of Appeals dismissing the appeal should be quashed.

It is so ordered in both particulars. All concur except *Leedy, J.*, who dissents to the holding that the notice of appeal was sufficient.