CONKLING, C. J., and HYDE, HOLLINGSWORTH and LEEDY, JJ., and BENNICK and CAVE, Special Judges, concur.

**STATE v. ROBBINS.**

No. 44099.

Supreme Court of Missouri.

Division No. 2.

June 14, 1954.

ant was given 10 days in which to file a motion for new trial. Within that period, to wit, on December 18, 1952, the trial judge ordered "that an additional 20 days be granted the defendant, John Manuel Robbins, in which to file his motion for new trial". There was no further order or action in this case until January 20, 1953, on which date defendant filed his motion for new trial. Thus, defendant's motion for new trial was filed on the forty-second day after return of the verdict on December 9, 1952, long after expiration of the period of 30 days granted by orders of court for the filing of such motion for new trial, likewise after expiration of the maximum period which, prior to January 1, 1953, might have been granted under Section 547.030 for the filing of a motion for new trial in a criminal case, and similarly after expiration of the maximum period of 40 days which, since January 1, 1953, may be granted under Supreme Court Rule 27.20, 42 V.A.M.S., for the filing of such motion.

On January 21, 1953, defendant's motion for new trial was overruled, allocution was granted, judgment was rendered, sentence was pronounced, and defendant was "granted an appeal as a poor person"; but, no notice of appeal, Supreme Court Rule 28.03, or "written application for such appeal", Section 547.070, was filed until February 11, 1953, on which date defendant filed notice of appeal "from the order of the Circuit Court denying motion for new trial, entered in this action on the 21st day of January, 1953". Defendant was represented in the Circuit Court by counsel appointed by the court on September 29, 1952.

A transcript on appeal, approved by defendant's court-appointed counsel, was filed here on December 31, 1953. The cause on appeal has been briefed by counsel for the State but, as to defendant, has been taken as submitted upon this transcript. The initial question, which we raise sua sponte, is as to whether a valid appeal was taken and, therefore, as to whether this court has jurisdiction to hear and determine the cause on appeal. State v. Smith, Mo., 242 S.W.2d 515; 24 C.J.S., Criminal Law, § 1636, page 234.

No attorney of record for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

STONE, Special Judge.

After trial by jury on December 9, 1952, defendant-appellant was convicted of forgery in the second degree, Section 561.080, as an habitual criminal, Section 556.280, and his punishment was assessed at 10 years in the penitentiary. (All statutory references are to RSMo 1949, V.A.M.S.) By order of the trial judge on the same date, defend-

During the period from November 1, 1950 (the date on which Supreme Court Rule 1.34 became effective), to December 31, 1952, appeals in criminal cases might be taken either under Section 547.070 by filing "written application for such appeal" during the term at which final judgment was rendered or under Supreme Court Rule 1.34(d) "by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases in Sections 129 and 131, Civil Code of 1943", Sections 512.050 and 512.070. Rule 1.34(e), in effect during that period, specifically provided that "this rule shall be construed as authorizing alternative methods of appellate procedure". During the same period, writs of error might be sued out in criminal cases within one year after final judgment. Supreme Court Rule 1.34 (c); Section 547.080.

■ By order of this court, en banc, on April 14, 1952, rules of criminal procedure were adopted, effective January 1, 1953, pursuant to authority granted by Article V, § 5, of the Missouri Constitution of 1945, V.A.M.S.; and, by order of this court on December 8, 1952, effective January 1, 1953, Supreme Court Rule 1.34 was rescinded and it was reiterated that "appeals in criminal cases from and after January 1, 1953 (shall) be governed by the provisions of Rules 28.01 to 28.17". Since defendant in the instant case sought to take an appeal from the final judgment rendered on January 21, 1953, the question as to whether a valid appeal was taken in this case, and therefore, whether this court has jurisdiction to hear the cause on appeal must be determined under Supreme Court Rule 28.03, the pertinent portion of which is as follows: "After the rendition of final judgment in any criminal case, the defendant shall be entitled to take an appeal as provided in these Rules. An appeal shall be taken by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases." Section 512.050, dealing with notices of appeal in civil cases, provides, in part, that: "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final."

Since the taking of appeals in criminal cases subsequent to January 1, 1953, is "by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases", we note that, although this court has held in civil cases "that the formal averments of the notice of appeal are not jurisdictional but are to be liberally construed in order to permit appellate review" [Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S.W.2d 657, 660(5)], it is settled that the timely filing of a notice of appeal is "the vital step" for perfecting an appeal and is necessary to invoke appellate jurisdiction [Weller v. Hayes Truck Lines, supra, 197 S.W.2d loc. cit. 660 (4, 5); Starr v. Mitchell, Mo., 237 S.W. 2d 123, 124–125(2, 3); Hynes v. Risch, Mo.App., 243 S.W.2d 116, 117(1, 2); Perr v. Perr, Mo.App., 227 S.W.2d 490, 492(4)]. "* * * (I)f the record shows that the notice of appeal was in fact not filed within such time as to have made the appeal effective, this court has no recourse but to say so, no matter how greatly it may be disposed to give a liberal construction to rules and statutes affecting appellate practice and procedure." Krummel v. Hintz, Mo.App., 222 S.W.2d 574, 576(3). If notice of appeal is not timely filed in a civil case, the only remedy is an appeal by special order under Section 512.060 within *6 months* from the date of final judgment. Kattering v. Franz, 360 Mo. 854, 231 S.W.2d 148, 150(4). Section 512.060, which has been applied liberally, Kattering v. Franz, supra, 231 S.W.2d loc. cit. 150, finds its counterpart, in the field of criminal procedure, in Supreme Court Rule 28.07 which provides for appeal by special order of the appropriate appellate court, "for reasonable cause shown", within *12 months* from the date of final judgment. However, there has been in the instant case no application for a special order to permit the filing of notice of appeal out of time.

■ The record before us shows that no notice of appeal was filed until February 11, 1953, the twenty-first day after final judg-

ment was. rendered and sentence was pronounced on January 21, 1953, and that, prior to the filing of such notice of appeal, neither defendant nor his counsel had made any written application for appeal. Passing (without determining) the question as to the sufficiency of a notice of appeal "from the order of the Circuit Court denying motion for new trial" in a criminal case, Cf. Weller v. Hayes Truck Lines, supra, nevertheless defendant's tardy and unseasonable filing of such notice of appeal 21 days after final judgment did not vest this court with appellate jurisdiction; and, with "proper respect for our own rules", State ex rel. Morton v. Cave, 359 Mo. 72, 220 S.W.2d 45, 51, we have no alternative other than to hold, as we do, that the appeal, which defendant seeks to perfect, must be dismissed. It is so ordered.

LEEDY, Acting P. J., and DEW, Special Judge, concur.