CITY OF LAKE WINNEBAGO,
Plaintiff-Respondent,

v.

Douglas D. SHARP, Defendant-Appellant.

CITY OF LAKE WINNEBAGO,
Plaintiff-Respondent,

v.

Roger BRENNER, Defendant-Appellant.

CITY OF LAKE WINNEBAGO,
Plaintiff-Respondent,

v.

Dick BURTON, Defendant-Appellant.

No. 64163.

Supreme Court of Missouri,
En Banc.

May 31, 1983.

1983. This case was argued January 27, 1983.    *Goddard* was decided April 26, 1983.

Willard B. Bunch, John Edward Cash, Kansas City, for defendants-appellants.

Lynn K. Ballew, Harrisonville, for plaintiff-respondent.

RENDLEN, Chief Justice.

These consolidated cases originated in the Lake Winnebago Municipal Division of the Circuit Court of Cass County. After their separate convictions the defendants sought to appeal to the circuit court for trial de novo. On motion of the city the circuit court remanded the cases to the municipal division because the affidavits for appeal were not signed. Defendants' motions to set aside the remand, accompanied by signed affidavits, were denied, and the defendants appealed to the Missouri Court of Appeals which reversed the convictions by 2 to 1 vote and remanded for trial in the circuit court. Judge Turnage, dissenting, certified the cases here asserting conflict with prior decisions of this Court. We are now fully possessed of the case as on initial appeal. We agree with the majority of the court of appeals, and make substantial use of Judge Nugent's opinion without employing quotation marks.

Defendants were charged with violations such as building a barbeque pit without a permit, trespass on the waters of Lake Winnebago and operating a boat without proper lighting. Defendant Sharp was fined a total of $150 and assessed $28 in costs. Defendant Brenner was ordered to pay $100 plus $14 costs and defendant Burton $400 plus $42 costs. An *unsigned affidavit* for appeal in the form suggested by Rule 37.-1171 [1] and a *signed* bond form like that suggested in Rule 37.1172 were timely filed for each defendant. In each case the unsigned affidavit appears to have been attached to the signed bond. Each identified the case and court from which the appeal was taken. In each case these forms were forwarded to the circuit court with a corresponding transcript on appeal, which fully identified and recited the history of the case. Each transcript included the certificate of the municipal judge that the defendant had "filed affidavit and bound [sic] for appeal as provided by law."

Asserting that defendants had failed to comply with the Rule 37.78 and § 479.200, RSMo 1978, and that such compliance was

1. 37.1171 Affidavit for Appeal

_____(Your City)_____, Plaintiff In the _____ Court
          vs.
_____, Defendant Of _____(Your City) Missouri, Div. No._____

   The Affiant, Being Sworn Upon His Oath, States That He Verily Believes Appellant Aggrieved By The Verdict And Judgment Rendered Him In This Cause, And That His Appeal Is Not Taken For Vexation Or Delay, But That Justice May Be Done, And He Prays An Appeal From Such Verdict And Judgment To The Circuit Court Of _____(Your County or City of St. Louis,)_____ Missouri.

_____Affiant
Subscribed and Sworn to Before
Me This

_____Day Of _____19____

| Filed This _____ Day of _____, 19____ . |
| Clerk of _____Court |

_____
        Notary Public

necessary to confer jurisdiction of the cases on the circuit court, the city moved the circuit court to remand the cases to the municipal division. The court sustained the motion and ordered the cases remanded. A day later, defendants filed in the circuit court their respective signed affidavits for appeal in the form suggested by Rule 37.-1171 and moved the circuit court to set aside its orders of remand and to restore the cases to the docket for trial de novo. These motions were denied and these timely appeals filed.

In 1959 this Court adopted and promulgated for use beginning July 1, 1960, Rule 37 governing procedure in municipal courts.[2] Rule 37.02 provides that these rules "shall be construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination of unjustifiable expenses and delay." Appended to Rule 37 are "suggested forms," separately entitled Rule 37.1160 through Rule 37.-1174. These forms are referred to as "suggested" in contrast with those procedural forms appended to the Rules of Criminal Procedure and the Rules of Civil Procedure. This Court's order of July 1, 1959, in pertinent parts reads:

It is ordered that ... the following Rules of Practice and Procedure in all cases in Municipal Courts ... be established and adopted, effective April 1, 1960, to wit: Rule 37.01 to 37.115, both inclusive, and Rules 37.116 to 37.1174, both inclusive, (suggested forms) ....

Rule 37.78 provides in its entirety as follows:

A defendant and the municipality shall be entitled to appeal from a judgment to the circuit court of the county or such other court having jurisdiction of such appeals within time and in the manner provided by law.

Section 479.200.2 gives a defendant tried before a municipal judge a right to a trial de novo before a circuit judge or an associated circuit judge. The statute specifically provides that:

An application for a trial de novo shall be filed within ten days after judgment and shall be filed in such form and perfected in such manner as provided by supreme court rule.[3]

Neither the statute nor Rule 37.78 requires use of an affidavit or any particular form of application or notice of appeal. The application for trial de novo markedly differs from the notices of appeal required for use in appealing criminal and civil cases. In those appeals, under Rule 30.01(e) and Rule 81.08(a), the appellant must set forth the information detailed in either Civil Procedure Form 8–A or Form 8–B[4]. Moreover, the latter rules are themselves quite specific as to the content of such notices[5] and do not rely upon the forms to direct the manner in which appeals shall be perfected.

Against this background, we must decide whether unsigned "affidavits for appeal" sufficed to perfect defendants' applications for trial de novo and to confer jurisdiction upon the circuit court and whether defend-

**2.** More fully referred to as "Missouri Rules of Practice and Procedure in municipal courts and, in certain traffic cases, in magistrate courts and the St. Louis Court of Criminal Correction" and including Rules 37.01 through Rule 37.115.

**3.** *Upon the docketing of the case in the circuit court the procedure is governed by the Rules of Criminal Procedure. Those rules, however, do not govern the procedure for taking the appeal from the municipal court to the circuit court. City of Mexico v. Merline, 596 S.W.2d 475, 476 (Mo.1980).*

**4.** *Criminal Procedure Form 36, Notice of Appeal, appears to be of no further use.*

**5.** Rule 30.01(e) and Rule 81.08(a) are identical and provide as follows:

*Notice of Appeal.* The notice of appeal shall specify the parties taking the appeal, the judgment or order appealed from, the court to which the appeal is taken, and if the appeal is to the Supreme Court the ground or grounds on which jurisdiction of the Supreme Court is based. For this purpose, appellant shall utilize Civil Procedure Form No. 8A *on appeals to the Supreme Court and* Civil Procedure Form No. 8B on appeals to the Missouri Court of Appeals.

ants were obligated to use only the form suggested in Rule 37.1171.

The facts compel the conclusion that, despite an apparent good faith effort to comply with what appeared to be the rule, someone blundered and by inadvertence obtained the signatures of each defendant on only one of the forms in each case instead of on the two prepared forms in each case.[6] The fact that the suggested forms were correctly prepared for each defendant itself attests the good faith effort.

■ The city contends, nevertheless, that the use of the suggested form has become mandatory because of the statute's direction that an application for a trial de novo be in such form as "provided" by Supreme Court Rule.[7] But this Court has not "provided" mandatory forms for such appeals; it has provided "suggested" forms. Unlike the rules pertaining to appeals from civil and criminal cases, Rule 37.78 makes no express provision as to the content of an application for trial de novo and does not require the use of the suggested form set out in Rule 37.1171. The language of the applicable statute and rules does not support the city's conclusion.

The purpose of a notice of appeal of a judgment of a justice of the peace was to notify the appellee that an appeal had been taken and would be prosecuted. *Davenport Vinegar & Pickling Works v. Shelley,* 280 Mo. 393, 217 S.W. 267, 268–69 (1920); *Evans v. Hannibal & St. J. Ry.,* 58 Mo.App. 427, 431 (1894).

In *Davenport,* this Court held that if the knowledge of the appeal came to the attorneys for the plaintiff-appellee by means of the notice, that notice was sufficient despite discrepancies in it as to the date and amount of the judgment and the adverse ruling on defendant's counterclaim. If the notice enabled the successful party reasonably to identify the judgment appealed from and informed him of the taking of the appeal, the "notice would be a substantial compliance with the statute, and would meet the demands of justice. The law requires nothing more." *Munroe v. Harrington,* 99 Mo.App. 288, 73 S.W. 221 (1903). *See Conrey v. Davis,* 216 Mo.App. 341, 256 S.W. 519 (1923).[8]

Ninety years ago, the court in *Holschen Cola Co. v. Missouri Pacific Ry.,* 48 Mo.App. 578, 580 (1892) said:

> There has been some very technical law written by the courts of this state on the sufficiency of notices of appeal from judgments rendered in justices' courts, and it is quite difficult to defend the rulings, when the informality and simplicity in the proceedings of such courts are considered.

The *only* object of the notice, the court held, is to notify, and if it does so it is adequate.

■ The focus on the courts' attention in those cases was not on the form of the

---

6. Every bit as compelling is the conclusion that an equally casual clerk of the municipal court accepted the imperfect forms for filing. The merest word from that functionary would have cured the discrepancies at once; defendants or their representatives could have signed the blank affidavits on the spot or at least before sunset. In fact, the clerk could have signed the affidavits or, after appropriate inquiry of counsel for defendants called upon a bystander to do so. *State v. Amsden,* 299 S.W.2d 498, 501 (Mo.1957). On this appeal we hear nothing from the city of this lapse by its own employee. The law, of course, recognizes no duty of the clerk to notice such glaring discrepancies and we cannot excuse defendants' neglect on the theory that the final responsibility rested with the clerk. Only principles of good administration impose that obligation.

7. In its brief the city misquotes the statute as specifying that the application " 'shall be *in such form* and perfected in such manner as prescribed by Supreme Court Rule.' (Emphasis supplied.)" The city has substituted the word "prescribed" for "provided."

8. In *Conrey v. Davis,* 216 Mo.App. 341, 256 S.W. 519 (1923), the court noted that the "trend of the later opinions" dealing with the sufficiency of notices of appeal was to construe the statute in a more liberal way. The court held a notice "sufficient if it informs the appellee of enough facts concerning the appeal from which a reasonable person would conclude that he had knowledge that an appeal had been taken."

notice or affidavit for appeal, but upon the accomplishment of the purpose of the notice and, upon whether from the notice a reasonable person could readily discern the appellant's intent. An application for a trial de novo or a notice of appeal is not a more effective application or notice because it is in the form of an affidavit. The fact they took the form of affidavits was not essential to the notices. Accomplishment of the purposes of the notice is in no way served by couching it in the form of an affidavit. Nor is the function of the notice (that is, the means by which the notice achieves its ends or purpose) in any way enhanced by use of the affidavit form. In the adoption of the Rules of Civil Procedure in 1944, this Court abandoned use of the affidavit of appeal in favor of a simple notice of appeal.

Whatever its form, the notice of appeal has several functions. First, it advises the clerk of the court appealed from that a party will seek review or trial de novo and that the transcript and other court papers must be forwarded to the superior court. Second, it notifies respondent of the appeal and, when served upon or waived by him, brings respondent under the jurisdiction of the appellate court.[9] Third, it triggers a stay of execution. Rule 37.81. *See also* Rules 30.15 and 81.09. Finally, it notifies the superior court of the transfer to it of the jurisdiction of the case. In *Daugherty v. Perky,* 195 Mo.App. 8, 177 S.W. 786 (1915), it is said:

The giving of such notice is jurisdictional. The notice is analogous to a summons—is the statutory means by which the appellee is called upon to appear in the circuit court and submit himself to its jurisdiction. That court becomes possessed of jurisdiction over the cause by the filing of the transcript and papers by the justice, but acquires jurisdiction over the person of the appellee by the service of the notice of appeal. *Drake v. Gorrell,* 127 Mo.App. 636, 106 S.W. 1080; *Bartschat v. Downey,* 172 Mo.App. 632, 155 S.W. 880. Though jurisdiction of the cause has

been lodged in the circuit court jurisdiction of the person of the appellee must be obtained, either by service of the statutory notice, or by his voluntary general appearance in court.

Speaking of the obligation of superior Missouri courts "to secure the just, speedy, and inexpensive *determination* of every action," we said, 197 S.W.2d at 659 in *Weller v. Hayes Truck Lines,* 355 Mo. 695, 197 S.W.2d 657 (banc 1946):

... there is no longer any reason to follow the strict rules which sprung from the historical jealousy with which courts refused to exercise their jurisdiction, and this is particularly true with respect to an appeal. By the Constitution, judicial power in this state is vested in a judicial system composed of the various courts extending from municipal corporation courts to the Supreme Court. The operation of these courts is not intended to be antagonistic one to the other .... The various courts compliment one another for the purpose of leading to a final disposition on the various legal states.... An appeal to a higher court is not a new and different action, it is merely a continuation of the original action .... Consequently, it is the duty of an appellate court freely to exercise its jurisdiction to provide a review on the merits in every instance that it may properly do so.

There we allowed defendant's appeal to proceed despite a discrepancy in the notice of appeal holding that the averments of the notice of appeal "should be liberally construed to permit appellate review so long as an opposing party is not misled to his irreparable harm." *Id.* 197 S.W.2d at 660. We found that defendant in good faith attempted to file a proper notice, a fact confirmed by reference to defendant's appeal bond.

■ If doubt exists as to the mandatory nature of a direction as to the use of a given method of perfecting an appeal, then

---

**9.** In this case the city does not assert that it was not duly notified by the notices or applica-

tions filed on behalf of the three defendants.

use of that mode cannot be compulsory and exclusive. Under these circumstances, then, any reasonable method calculated to accomplish the purposes of the rule while establishing a record should suffice. A party ought not to suffer after a good faith attempt to comply with a rule, which is not mandatory by its terms, by use of a method which satisfactorily accomplishes the aim of the rule. In these cases, therefore, the filing of any form or set of forms indicating the defendant's intent to pursue their respective statutory rights to seek a trial de novo in their cases should suffice.

 Even though unsigned, the affidavits for appeal in these cases were timely filed in a good faith attempt to perfect the appeals in accordance with the suggestions of the rules. The notices accomplished every one of the purposes of the most formal and complete affidavit or notice of appeal.

We do not believe that the cited cases demonstrate actual conflict. *Hargadine v. Van Horn,* 72 Mo. 370 (1880), and *Land Clearance for Redevelopment Authority v. Zitko,* 386 S.W.2d 69, 77 (Mo.1965), simply hold that an unsigned affidavit is not an affidavit. We do not disagree, but the question here is whether a late signing might suffice. We believe that the interests of justice would be served by permitting the late signing, especially since the governing rules do not state explicitly that there must be a sworn affidavit. Our holding is consistent with Rule 44, governing arrangement of time. We are not to be understood as holding that the time for appeal may be enlarged if nothing reasonably calculated to supply notice has been filed.

Nor is there any conflict with *State v. Mericle,* 245 Mo. 548, 150 S.W. 1038 (1912); or *State v. Campbell,* 297 Mo. 187, 248 S.W. 927 (1923). These cases dealt with a legislative prescription that an affidavit for appeal be filed to secure an appeal in a criminal case. The judges who wrote the opinions expressed the view that they had no discretion, in the case of an appeal taken without an affidavit or with an unsigned affidavit. Here the legislature has not pre-scribed an affidavit nor is the requirement expressly required by rule. *State v. Leonard,* 250 Mo. 406, 157 S.W. 305 (1913), dealt not with the time for giving notice of appeal but with a different situation, i.e. the statutory mandate as to when an appeal must be perfected by the filing of the transcript.

Finding no manifest jurisdictional defects which would defeat the appeals, to the circuit court, the judgments are reversed and the cause remanded to the circuit court with directions to vacate its orders of remand and to restore the cases to its docket for trial de novo.

WELLIVER, HIGGINS, GUNN and DONNELLY, JJ., DOWD, Special Judge, and SEILER, Senior Judge, concur.

BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.