Natalie RECTOR, Appellant,

v.

Cheryl KELLY, Respondent,

Division of Employment Security,
Respondent.

No. WD 64963.

Missouri Court of Appeals,
Western District.

Nov. 22, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 31, 2006.

Application for Transfer Denied
Feb. 28, 2006.

Le Anne Wiseman, Columbia, MO, for appellant.

David G. Brown, Columbia, MO, for respondent Kelly.

Alan J. Downs, Jefferson City, MO, for respondent Division of Employment Security.

Before RONALD R. HOLLIGER, Presiding Judge, ROBERT ULRICH, Judge, and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Natalie Rector appealed the Division of Employment Security's ("Division's") August 19, 2004 determination that she was ineligible to receive unemployment compensation benefits until she earns wages for insured work equal to ten times her weekly benefit amount. The Division's Appeals Tribunal determined that her notice of appeal was defective and, in effect, dismissed her appeal, and that determination was affirmed by Order of the Labor and Industrial Relations Commission ("Commission") on December 9, 2004. Rector now appeals the Commission's decision to this court.

Our review of the Commission's decision in this unemployment compensation matter is governed by section 288.210 of the Missouri Employment Security Law,[1] which provides, in relevant part:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

■ Decisions of the Commission "which are clearly the interpretation or application of the law, as distinguished from a determination of facts, are not binding upon us and fall within our province of review and correction." *Merriman v. Ben Gutman Truck Serv., Inc.*, 392 S.W.2d 292, 297 (Mo.1965) (internal quotation marks omitted). Therefore, we "independently review such questions without giving any deference to the Commission's conclusions." *CNW Foods, Inc. v. Davidson*, 141 S.W.3d 100, 102 (Mo.App. S.D. 2004).

■ "The Commission's factual findings, on the other hand, are treated deferentially." *Id.; § 288.210.* As to such findings, "the reviewing court does not substitute its judgment for that of the [C]ommission[.]" *Merriman,* 392 S.W.2d at 296. Rather, "[a]bsent fraud, the Commission's factual findings are conclusive on appeal if they are supported by competent and substantial evidence upon the whole record and are not clearly against the overwhelming weight of the evidence." *CNW Foods,* 141 S.W.3d at 102. Overall, then, "[t]he scope of this Court's review on appeal of unemployment compensation cases is limited to whether the Commission's decision is supported by competent and substantial evidence, and is authorized by law." *Perry v. Tiersma,* 148 S.W.3d 833, 835 (Mo.App. S.D.2004).

As they pertain to this appeal, the facts of this case are undisputed. On August 19, 2004, a Deputy of the Division mailed

---

1. All statutory references are to RSMo 2000.

Rector a copy of his determination that, pursuant to the applicable provisions of Chapter 288, Rector was ineligible to receive unemployment compensation benefits until she earns wages for insured work equal to ten times her weekly benefit amount since she had voluntarily left her work as an office manager on June 8, 2004 without good cause attributable to the work or her employer, co-Respondent Cheryl Kelly.

On September 15, 2004, Rector's attorney, Le Anne Wiseman, faxed a letter to the Appeals Tribunal, which was received and file-stamped "Received" by the Appeals Tribunal the same day. The letter, which was printed on firm stationery via computer software and stated that Wiseman represented Rector "regarding her claim for unemployment compensation," set forth Rector's name and Social Security Number, as well as the name of Rector's former employer. It also stated: "By this letter we appeal the deputy's decision of August 19, 2004 and request an in-person hearing." At the bottom, the letter stated: "Thank you for your assistance. Sincerely yours, Le Anne Wiseman." Although there were several blank lines between "Sincerely yours" and "Le Anne Wiseman," the letter was not signed by Wiseman. On September 22, 2004, Wiseman faxed a second letter to the Appeals Tribunal, which was also received and file-stamped "Received" by the Appeals Tribunal that same day. This letter was identical to the first one except that Wiseman had signed her name within the several blank lines between "Sincerely yours" and "Le Anne Wiseman." Later the same day (September 22, 2004), Wiseman faxed a third letter to the Appeals Tribunal, in which she apologized for any inconvenience that may have been caused by her "clerical mistake" in not signing the September 15, 2004 letter.

After conducting an evidentiary hearing, a Referee of the Division's Appeals Tribunal found that under section 288.070.4, Rector had thirty calendar days from August 19, 2004 (*i.e.*, until September 20, 2004) to file a timely appeal of the Deputy's determination.[2] Although Wiseman's letter of September 15, 2004 was timely filed under section 288.070.4, the Referee found that it was not a valid notice of appeal because it had not been signed by Wiseman. Furthermore, the Referee found that even though Wiseman's second (September 22, 2004) letter to the Appeals Tribunal was signed by her, it was received after the September 20, 2004 deadline and Rector had failed to show "good cause" for an extension of time to file a late notice of appeal under section 288.070.8.[3] The Referee provided the following basis for this particular finding:

> The claimant timely received the determination [of the Deputy denying her claim for benefits]. Her attorney filed a late appeal notwithstanding clear, unambiguous, unequivocal instructions on the determination that the appeal must be signed. The claimant is bound by the actions of her agent. The Division did nothing wrong. The claimant, via her agent, did not act reasonably. Nothing was beyond the claimant's control, again via her retained agent. The Appeals Tribunal concludes the claimant lacks

2. As applicable here, section 288.070.4 states: "Unless the claimant or any interested party within thirty calendar days after notice of such determination is either delivered in person or mailed to the last known address of such claimant or interested party files an appeal from such determination, it shall be final."

3. The relevant portion of section 288.070.8 states that "the thirty-day period mentioned in [§ 288.070.4] may, for good cause, be extended."

good cause to extend the thirty-day period for filing the appeal.

The Referee concluded that Rector's notice of appeal "was not timely filed" and, as such, the Deputy's determination to deny her unemployment compensation benefits had become final on September 20, 2004.

Rector then filed an application for review with the Commission, in which she contended that in effectively dismissing her appeal, the Appeals Tribunal committed a reversible error of law. The Commission affirmed the decision of the Appeals Tribunal, expressly "adopt[ing] the decision of the Appeals Tribunal as the decision of the Commission in this matter." This appeal followed.

In her sole point on appeal, Rector argues that the Commission erred as a matter of law in concluding that (1) although timely filed under section 288.070.4, Wiseman's letter of September 15, 2004 was not a valid notice of appeal because it was not signed by Wiseman; and (2) even though Wiseman's second (September 22, 2004) letter to the Appeals Tribunal *was* signed by Wiseman, it was received after the September 20, 2004 deadline and Rector had failed to show "good cause" for an extension of time to file a late notice of appeal under section 288.070.8.

Although it presents a matter of first impression, we confine our analysis to the first of these two claims, because if Wiseman's letter of September 15, 2004 *did* constitute a legally adequate notice of appeal despite the fact that it was not personally signed by Wiseman in her own hand, it was timely filed under section 288.070.4 and it would be unnecessary for us to determine whether Rector also showed "good cause" for an extension of time to file a late notice of appeal under section 288.070.8.

█ Respondents argue that because Wiseman neglected to sign it, Wiseman's letter of September 15, 2004 was a nullity, thereby depriving the Appeals Tribunal of jurisdiction to do anything but dismiss Rector's appeal absent a showing of "good cause" for an extension of time. In support of this argument, they rely on 8 CSR 10–5.010 (2004), which applies to appeals from a Deputy to the Appeals Tribunal. Subsections (3)(A), (B), and (C) of this regulation provide, in their entirety:

(A) Any signed, legible written notice filed by a party in accordance with these regulations, which expresses disagreement with or otherwise indicates a desire to appeal a determination or redetermination, in the absence of a reconsideration by the deputy, shall constitute an appeal. An appeal must be signed by the claimant, the claimant's authorized agent, the employing unit (including any officer or employee of it), or by a licensed attorney representing either the claimant or employing unit. A person acting as a claimant's authorized agent shall submit an authorization signed by the claimant as soon as that authorization occurs. The authorization must include the name, social security number and signature of the claimant and a statement that the named agent is acting on behalf of the claimant.

(B) Any party may file an appeal by using a printed appeal form available from the Division of Employment Security. Use of the form is not mandatory; however, whatever instrument is used, it should also include the following information:

1. Name and Social Security account number of each claimant, if any, involved;

2. Name of the employer, if any, involved;

3. Date, issue number and subject matter of the determination;

4. Statement of the reasons for disagreement with the determination; and

5. Signature of the appellant.

(C) Failure to include all of the information listed in subsection (3)(B) may result in invalidation of the purported appeal or unnecessary delay in processing the appeal and scheduling the hearing.

Although they cite no authority whatsoever for this claim other than the regulation itself, Respondents assert that 8 CSR 10–5.010(3)(A)–(C) must be rigidly and fully complied with as an absolute jurisdictional prerequisite to review of a Deputy's determination by the Appeals Tribunal, and, therefore, Wiseman's September 15, 2004 letter was properly determined to be an invalid notice of appeal since it was not signed by either Rector or Wiseman. We disagree.

■ To begin with, it is readily apparent that the signature-related provisions of 8 CSR 10–5.010(3)(A)–(C) are not essential to the achievement of the substantive functions of a notice of appeal, most of which, naturally, involve *notification.*

Whatever its form, the notice of appeal has several functions. First, it advises the clerk of the court appealed from that a party will seek review or trial de novo and that the transcript and other court papers must be forwarded to the superior court. Second, it notifies respondent of the appeal and, when served upon or waived by him, brings respondent under the jurisdiction of the appellate court. Third, it triggers a stay of execution. Finally, it notifies the superior court of the transfer to it of the jurisdiction of the case.

*City of Lake Winnebago v. Sharp,* 652 S.W.2d 118, 122 (Mo. banc 1983) (internal citations omitted).

Wiseman's unsigned letter of September 15, 2004 was clearly sufficient to satisfactorily accomplish all four of these functions. It was more than adequate to: (1) advise the Deputy that Rector was seeking review of his determination denying her claim for unemployment benefits and that the transcript and other papers pertaining to the case needed to be forwarded to the Appeals Tribunal; (2) notify Respondents of the appeal and bring them within the jurisdiction of the Appeals Tribunal upon receipt; (3) trigger a stay of execution of the Deputy's decision; and (4) notify the Appeals Tribunal of the transfer, from the Deputy to the Appeals Tribunal, of jurisdiction over the case. Therefore, despite being unsigned, Wiseman's September 15, 2004 letter "accomplished every one of the purposes of the most formal and complete . . . notice of appeal." *Id.* at 123.

■ Second, we agree with Rector that, contrary to the Commission's legal conclusion, 8 CSR 10–5.010(3) does not clearly, unambiguously, or unequivocally mandate that either the appellant or his or her licensed attorney-representative sign the notice of appeal as a jurisdictional condition precedent to review of a Deputy's determination by the Appeals Tribunal. While 8 CSR 10–5.010(3)(A) does state that the notice of appeal "*must* be signed by the claimant, the claimant's authorized agent, the employing unit (including any officer or employee of it), or by a licensed attorney representing either the claimant or employing unit," *8 CSR 10–5.010(3)(B),* the remainder of the regulation is inconsistent, because it says only that the notice of appeal "*should*" include such a signature, *8 CSR 10–5.010(3)(B)* and (3)(B)(5), and that an appellant's failure to include this

information[4] *"may"* result in *either* the "invalidation of the purported appeal" or an "unnecessary delay in processing the appeal and scheduling the hearing." *8 CSR 10–5.010(3)(C)* (emphasis added throughout). In this regard, the Missouri Supreme Court's decision in *Sharp* is directly on point:

> If doubt exists as to the mandatory nature of a direction as to the use of a given method of perfecting an appeal, then use of that mode cannot be compulsory and exclusive. Under these circumstances, then, any reasonable method calculated to accomplish the purposes of the rule while establishing a record should suffice. A party ought not to suffer after a good faith attempt to comply with a rule, which is not mandatory by its terms, by use of a method which satisfactorily accomplishes the aim of the rule. In these cases, therefore, the filing of any form or set of forms indicating the [appealing party or parties'] intent to pursue their respective statutory rights to seek [an appeal] in their cases should suffice.

652 S.W.2d at 122–23. Accordingly, "[e]ven though unsigned," as was the case with the notices of appeal considered by the Court in *Sharp,* Wiseman's September 15, 2004 letter was "timely filed in a good faith attempt to perfect [Rector's] appeal[ ] in accordance with the suggestions of the rules." *Id.* at 123.

 Third and finally, in a broader sense, it has long been the law of this state that "[a] notice of appeal which can reasonably be construed as an attempt in good faith to appeal from a final judgment or appealable order shall be deemed sufficient." *Weller v. Hayes Truck Lines,* 355 Mo. 695, 197 S.W.2d 657, 660–61 (1946). This rule reflects the important policy underlying Missouri's judicial system that because "[c]ases should be heard on the merits if possible," the statutes and rules governing the orderly administration of justice "should be construed liberally in favor of allowing appeals to proceed." *Sherrill v. Wilson,* 653 S.W.2d 661, 663 (Mo. banc 1983). Indeed, our Supreme Court very recently reaffirmed this principle: "Cases should be heard on the merits if possible, and court rules should be construed liberally to allow an appeal to proceed." *Berger v. Cameron Mut. Ins. Co.,* 173 S.W.3d 639, 641, 2005 Mo. LEXIS 389, at *3 (Mo. banc 2005) (citing *Sherrill,* 653 S.W.2d at 663). " 'Consequently, it is the duty of an appellate court freely to exercise its jurisdiction to provide a review on the merits in every instance that it may properly do so.' " *Sharp,* 652 S.W.2d at 122 (quoting *Weller,* 197 S.W.2d at 659).

For these reasons, our Supreme Court has expressly held that "[t]echnical adherence to the formal averments of a notice of appeal is *not jurisdictional,* and the averments are to be liberally construed to permit appellate review so long as the opposing party is not misled to his or her irreparable harm." *L.J.B. v. L.W.B.,* 908 S.W.2d 349, 351 (Mo. banc 1995) (emphasis added).[5] Applying these principles in the

---

4. It is unclear whether the "[s]ignature of the appellant" (8 CSR 10–5.010(3)(B)(5)) constitutes "information" so as to fall within the phrase "all of the information listed in subsection (3)(B)" under 8 CSR 10–5.010(3)(C). It is also unclear whether the signature of a licensed attorney representing the claimant may be considered the "[s]ignature of the appellant" under 8 CSR 10–5.010(3)(B)(5).

5. In their briefs, Respondents do not even allege, much less demonstrate, that they were "misled to [their] irreparable harm" by opposing counsel's failure to sign her September 15, 2004 letter to the Appeals Tribunal.

case *sub judice*,[6] it is clear that the Commission's order is erroneous and unauthorized by law and must be reversed despite 8 CSR 10–5.010(3)'s vague and uncertain suggestion of a mandatory signature requirement.[7]

The various cases relied on by Respondents in their briefs, which we need not discuss in any detail because they concern signature requirements on *pleadings* (not notices of appeal), do not convince us to hold otherwise. It is enough to say that the only cases cited by Respondents that even indirectly touch on the issue of what a timely-filed notice of appeal must contain—*Sheets v. Labor & Industrial Relations Commission*, 622 S.W.2d 391 (Mo. App. W.D.1981), and *Duzer v. Industrial Commission*, 402 S.W.2d 616 (Mo.App. E.D.1966)—are readily distinguishable. In *Sheets*, the respondents did not, as here, "contend for the [mandatory] effect of any of the literal language" of the regulation in question (a predecessor to the current version of 8 CSR 10–5.010(3)), 622 S.W.2d at 392 n. 1, which this court proceeded to hold *did not* authorize the actions taken by the Appeals Tribunal anyway. *Id.* at 393–94. Furthermore, as correctly noted in Rector's reply brief, *Duzer* and its progeny were overruled by the Missouri Supreme Court in *Clay v. Labor & Industrial Relations Commission*, 908 S.W.2d 351, 353 (Mo. banc 1995),

where the Court held that "its lifting a phrase from an entire law to defeat judicial review of the denial of unemployment benefits contravenes the legislature's intentions."

For the foregoing reasons, the Commission's decision is reversed and the cause is remanded with directions that Rector's appeal to the Appeals Tribunal be reinstated for a determination on its merits.

All concur.

---

**6.** While most of the cases we have cited involved the policy and principle behind Rule 81.08(a), which governs the contents of notices of appeal from final judgments of Missouri trial courts, we can perceive no good reason why they should not apply equally to notices of appeal filed with administrative bodies like the Appeals Tribunal.

**7.** Whether Wiseman's unsigned September 15, 2004 letter would have been sufficient if 8 CSR 10–5.010(3) *had* clearly, unambiguously, and unequivocally provided that a signed notice of appeal is a mandatory jurisdictional prerequisite for review of a Deputy's determi-

nation by the Division's Appeals Tribunal is not before us. Such an analysis would require us to determine whether the General Assembly has delegated to the Division the implied authority to impose such a highly restrictive yet largely if not completely unnecessary requirement by way of administrative regulation, and also whether the imposition of such a regulatory requirement by the Division would be contrary to the statutory and common law governing appeals to the Appeals Tribunal. In any event, the case *sub judice* does not require us to resolve those issues.