Gaylon **FRAZIER**, Claimant/Appellant,

v.

**LAIDLAW TRANSIT, INC.**, and
**Division of Employment
Security, Respondents.**

No. ED 87359.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 30, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for Respondent.

Gaylon N. Frazier, Saint Louis, MO, for Claimant/Appellant acting pro se.

Laidlaw Transit Inc., Operating Company, Diamond Bar, CA, for Respondent acting pro se.

GLENN A. NORTON, Chief Judge.

Gaylon Frazier (Claimant) has appealed from the decision of the Labor and Industrial Relations Commission (Commission) affirming the decision of the Appeals Tribunal to dismiss his appeal regarding his unemployment benefits. We reverse and remand with directions.

On August 1, 2005, a deputy for the Division of Employment Security (Division) determined that Claimant was disqualified from receiving unemployment benefits because he was discharged for misconduct connected with his work. On August 29, 2005, Claimant mailed an appeal to the Division, seeking review with the Appeals Tribunal. The Division received this appeal on August 30, 2005, but returned it to Claimant because he had not signed the appeal letter. On September 7, 2005, Claimant mailed the appeal again, along with a yellow post-it note that stated, "I had to sign and re-send it out again. So the date will be a little off." On September 19, 2005, the Appeals Tribunal dismissed Claimant's appeal because it was not filed in a timely fashion by August 31, 2005. Claimant filed an application for review with the Commission, which affirmed the Appeals Tribunal's decision. Claimant has now appealed to this Court.

The Division has filed a motion to reverse and remand the Commission's decision. The Division asserts that Claimant's initial appeal to the Appeals Tribunal, although unsigned, was valid and the Tribu-nal erred in dismissing his appeal. Neither Claimant nor his employer has filed a response to the motion.

This precise issue was recently addressed by the Western District of the Missouri Court of Appeals in *Rector v. Kelly*, 183 S.W.3d 256 (Mo.App. W.D.2005). In that case, the Appeals Tribunal had dismissed a claimant's appeal because the appeal had not been signed by the claimant's attorney. The Division had argued that a state regulation, 8 CSR 10–5.010, required the appeal to be signed, and that the regulation must be "rigidly and fully complied with as an absolute jurisdictional prerequisite to review of a Deputy's determination by the Appeals Tribunal...." *Id.* at 261. The Western District rejected this argument, concluding that 8 CSR 10–5.010 does not "clearly, unambiguously, or unequivocally mandate that either the appellant or his or her licensed attorney-representative sign the notice of appeal as a jurisdictional condition precedent...." *Id.* Indeed, the court concluded that any "reasonable method calculated to accomplish the purposes of the rule" should suffice and a party should not suffer if he or she has made a "good faith attempt to comply with a rule, which is not mandatory by its terms, by use of a method which satisfactorily accomplishes the aim of the rule." *Id.* at 262.

The reasoning of the Western District is sound and we adopt it. Consequently, Claimant did not need to sign his initial appeal to the Appeals Tribunal and since it was filed within 30 days of the deputy's determination, it is timely under section 288.070.4, RSMo 2000.[1]

The Division's motion to remand is granted.[2] The decision of the Commission

---

1. In addition, section 288.070 does provide for filing a late appeal of a deputy's determi-nation to the Appeals Tribunal "for good cause." Section 288.070.8.

2. The Division has also filed a motion to

is reversed and the cause is remanded to the Commission with directions to set aside its decision and remand the case to the Appeals Tribunal for a hearing on the merits.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concurring.

strike Claimant's brief, which is denied.