

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| MICHAEL C. SCHMIDT, | ) | No. ED110938 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | |
| RITTER HORTICULTURAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondents. | ) | FILED: October 10, 2023 |

Michael C. Schmidt appeals from the decision of the Labor and Industrial Relations Commission (the "Commission") dismissing as untimely his appeal in these unemployment benefits proceedings. Because we conclude that Schmidt timely appealed his overpayment determinations, we reverse and remand.

## Factual and Procedural Background

Schmidt worked as a delivery driver and gardener for Ritter Horticultural Services, Inc. ("Ritter") beginning and ending in March 2020. After Schmidt filed a claim for unemployment benefits, a deputy from the Division of Employment Security (the "Division") determined that Schmidt was disqualified from receiving benefits because he left work voluntarily and without good cause attributable to the work or to Ritter. Schmidt timely appealed the determination of

disqualification. After a hearing, the Appeals Tribunal issued a decision affirming the Division's determination that Schmidt voluntarily left employment without good cause and was therefore disqualified from receiving benefits. The decision was mailed to Schmidt on October 5, 2021. Schmidt did not file an application for review of that decision to the Commission.

Based on the determination of disqualification, the Division subsequently determined that Schmidt had been overpaid $4,900 in regular state unemployment benefits and $11,100 in federal pandemic program benefits. The Division mailed Schmidt notice of these overpayment determinations on May 16 and May 17, 2022. Schmidt mailed a letter to the Appeals Tribunal on May 25, 2022 requesting reconsideration of these overpayment determinations. The letter referenced both the October 2021 Appeals Tribunal decision (Appeal No. 2162117) and the overpayment determinations (Overpayment IDs 934494, 934495, 933294). The Commission construed the letter as an application for review of the October 2021 Appeals Tribunal decision regarding Schmidt's disqualification, and dismissed the application as untimely because it was filed more than 30 days after the decision was mailed to Schmidt. This appeal follows.

**Standard of Review**

This Court reviews the Commission's decision in employment security matters to determine whether the decision is "authorized by law" and "supported by competent and substantial evidence upon the whole record." Mo. Const. art. V, section 18; *see also Benoist v. Westin Trading, Inc.*, 662 S.W.3d 146, 154 (Mo. App. E.D. 2023). The Missouri Employment Security Law further provides that we may "modify, reverse, remand for rehearing, or set aside the decision" on the following grounds:

(1) That the commission acted without or in excess of its powers;
(2) That the decision was procured by fraud;
(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Section 288.210;[1] *see also Benoist*, 662 S.W.3d at 154. The construction and application of statutes and regulations are questions of law that we review de novo. *Kline v. Div. of Emp. Sec.*, 662 S.W.3d 158, 161 (Mo. App. E.D. 2023).

**Discussion**

In four points on appeal, Schmidt challenges the Commission's decision dismissing his May 25, 2022 letter as an untimely application for review of the Appeals Tribunal's October 2021 decision regarding his disqualification determination. Schmidt's first three points argue that the Commission's decision was erroneous because, by his May 25 letter, Schmidt was attempting to appeal the overpayment determinations to the Appeals Tribunal and not apply for review of the Appeals Tribunal's previous disqualification decision to the Commission. We agree with Schmidt. Because Points I, II, and III are dispositive of this appeal, we do not address Point IV.

There is confusion about whether Schmidt's May 2022 letter constituted an appeal to the Appeals Tribunal of the overpayment determinations—as Schmidt argues—or an application for review to the Commission of the Appeals Tribunal's decision affirming the determination that Schmidt was disqualified from receiving benefits—as the Commission believed and as Respondents argue on appeal. The answer to this question is determinative of this appeal because the function of the May 25 letter dictates whether it was a timely appeal: if it was an appeal to the Appeals Tribunal of the May overpayment determinations, it was timely and should have been considered; on the other hand, if it was an application for review to the Commission of the Appeals

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

3

Tribunal's October 2021 decision affirming the disqualification determination, it was untimely and properly dismissed.

*Appeal timelines in unemployment benefits proceedings*

Under section 288.070.6 of the Missouri Employment Security Law, an appeal from an eligibility or disqualification determination must be filed within 30 days after that determination is delivered in person or mailed to the claimant. *See* 8 C.S.R. 10-5.010(5)(A);[2] *Dewes v. Div. of Emp. Sec.*, 660 S.W.3d 489, 494 (Mo. App. W.D. 2023). If no timely or excused appeal is filed, the determination becomes final. Section 288.070.6; *Dewes*, 660 S.W.3d at 494. A 30-day filing period also applies to appeals from non-fraudulent overpayment determinations. *Kline*, 662 S.W.3d at 161-62 (citing sections 288.190.2, 288.380); 8 C.S.R. 10-5.010(5)(C).

A party wishing to appeal a decision issued by the Appeals Tribunal likewise has 30 days after "the date of notification or mailing of such decision" to file an application for review with the Commission. Section 288.200.1; 8 C.S.R. 20-4.010(1); *Dewes*, 660 S.W.3d at 494. If no timely application for review is filed, the Appeals Tribunal decision "shall be deemed to be the final decision or order of the division." Section 288.190.3; *Dewes*, 660 S.W.3d at 494. In the event of an untimely application for review with the Commission, "the Commission has no authority to consider the merits of the application for review, and dismissal is proper." *Dewes*, 660 S.W.3d at 494; *see also* 8 C.S.R. 20-4.010(6) ("An application for review filed more than thirty (30) days from the date of notification or mailing by the division is untimely. The commission does not have statutory authority to accept untimely applications for review.").

---

[2] References to 8 C.S.R. 10-5.010(5) are to the Code of State Regulations, Title 8, Division 10, Chapter 5.010 (effective Nov. 30, 2013). References to 8 C.S.R. 20-4.010 are to the Code of State Regulations, Title 8, Division 20, Chapter 4.010 (effective Oct. 30, 2019).

*The May 25 letter constituted a timely appeal to the Appeals Tribunal and not an untimely application for review to the Commission*

Here, Schmidt was mailed notice on May 16 and 17, 2022 that he had been overpaid benefits based on the previous disqualification determination. On May 25, 2022, Schmidt mailed a letter to the Appeals Tribunal requesting reconsideration of these overpayment determinations. In its subject line, this letter referenced both the October 2021 Appeals Tribunal decision (Appeal No. 2162117) and the overpayment determinations (Overpayment IDs 934494, 934495, 933294). The Commission construed this letter as an application for review of the October 2021 Appeals Tribunal decision regarding Schmidt's eligibility for benefits, and dismissed this "appeal" as untimely because it was filed more than 30 days after the decision was mailed to Schmidt.

But, properly construed, we believe the May 25, 2022 letter was a timely appeal to the Appeals Tribunal from the May 2022 overpayment determinations. The May 25 letter explicitly challenged the overpayment determinations and included all information necessary to constitute an appeal to the Appeals Tribunal. Governing regulations provide that "[a]ny signed, legible written notice filed by a party in accordance with these regulations, which expresses disagreement with or otherwise indicates a desire to appeal a determination or redetermination, in the absence of a reconsideration by the deputy, shall constitute an appeal." 8 C.S.R. 10-5.010(3)(A); *accord Benoist*, 662 S.W.3d at 155 (explaining that "Missouri courts construing this regulation have recognized that[] it has long been the law of this state that a notice of appeal which can reasonably be construed as an attempt in good faith to appeal from a final judgment or appealable order shall be deemed sufficient") (internal quotation marks and citations omitted).

This regulation further provides that, "whatever [written] instrument is used," it should include the following information to constitute a proper appeal:

1. Name and Social Security account number of each claimant, if any, involved;

5

2. Name of the employer, if any, involved;
3. Date, issue number, and subject matter of the determination;
4. Statement of the reasons for disagreement with the determination; and
5. Signature of the appellant.

8 C.S.R. 10-5.010(3)(B).

The May 25 letter included the above components. First, the May 25 letter included Schmidt's full name and Social Security number. Second, the May 25 letter did not include the name of any employer, even though the governing regulation directs a claimant to include the "Name of the employer, *if any, involved*." 8 C.S.R. 10-5.010(3)(B)(2) (emphasis added). Because an employer (here, Ritter) was not involved in or listed on the overpayment determinations— unlike the disqualification determination—its absence on the May 25 letter signaled that the letter constituted an appeal of the overpayment determinations and not an application for review of the disqualification decision. Third, the May 25 letter included the issue number and subject matter of the determination.[3] The letter bore the subject line: "Appeal Number 2162117 (Overpayment IDs 934494, 934495, 933294) – Request to reassess Overpayment Determination due to misinformation from agency and causing financial hardship on me and my spouse." Fourth, the May 25 letter included a statement of the reasons for disagreement with the determination. The arguments in the letter substantially and in majority related to the overpayment determinations and why "the claim to pay the money back should be dismissed." Although the letter referenced the fact that Schmidt was determined to be disqualified from benefits, those references made sense

_____

[3] Although 8 C.S.R. 10-5.010(3)(B)(3) states that an appeal "should also include" the date of the challenged determination, this is not a mandatory requirement for a written notice to constitute an appeal and does not change the outcome in this case. First, the regulation employs the suggestive word "should" rather than the mandatory word "must" or "shall." Second, omission of the date of the challenged determinations in this case does not impair the ability of the May 25 letter to accomplish the substantive functions of a notice of appeal. *See Frazier v. Laidlaw Transit, Inc.*, 192 S.W.3d 717, 718-19 (Mo. App. E.D. 2006); *Rector v. Kelly*, 183 S.W.3d 256, 261-63 (Mo. App. W.D. 2005).

6

given that the overpayment determinations being appealed were premised on this disqualification. Considering the subject line and the arguments contained in the letter, the most reasonable interpretation is that Schmidt was attempting to challenge the overpayment determinations. Fifth and finally, the May 25 letter was signed by Schmidt. And as an additional indication of its function, the May 25 letter was addressed to the Appeals Tribunal and not to the Commission.[4] Although a filing directed to the Appeals Tribunal may be treated, if appropriate, as an application for review to the Commission, *see* 8 C.S.R. 10-5.050(5) (effective Oct. 30, 2002), here we are not persuaded that Schmidt's May 25 letter should have been treated solely as an application for review of the Appeals Tribunal's decision rather than as an appeal from the overpayment determinations of the Division.

Given the above, because Schmidt's May 25 letter was a "signed, legible written notice filed by a party in accordance with these regulations, which expresses disagreement with or otherwise indicates a desire to appeal a determination," it should have been treated as an appeal from a determination of the Division rather than as an application for review of the Appeals Tribunal's decision. *See* 8 C.S.R. 10-5.010(3)(A)-(B); *Frazier v. Laidlaw Transit, Inc.*, 192 S.W.3d 717, 718-19 (Mo. App. E.D. 2006); *Rector v. Kelly*, 183 S.W.3d 256, 260-63 (Mo. App. W.D. 2005). Properly construed, the May 25 letter was a timely appeal of the May 2022 overpayment determinations and should have been treated as such. Points I, II, and III are granted.

---

[4] An application for review should be filed with the Commission. *See* section 288.200.1 ("Any of the parties . . . to any decision of an appeals tribunal, may <u>file with the commission</u> . . . an application to have such decision reviewed by the commission.") (emphasis added); 8 C.S.R. 20-4.010(1)(A) ("Any interested party to a decision of an appeals tribunal of the division may file an application to have the decision reviewed by the commission by <u>filing the application with the commission or by filing it with the division</u>, as agent of the commission . . . .") (emphasis added).

## Conclusion

For the foregoing reasons, the Commission's decision is reversed and the cause is remanded with directions that Schmidt's appeal of the relevant overpayment determinations to the Appeals Tribunal be reinstated for a determination on its merits.

_____
MICHAEL E. GARDNER, Presiding Judge

John P. Torbitzky, J., concurs.
Renée D. Hardin-Tammons, J., concurs.